1

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - X
                                    :

STACEY REILLY,                 : 16-CV-684 (CBA)
                                    :
       Plaintiff,          :
                                    :
                                    : United States Courthouse
   -against-                 : Brooklyn, New York
                                    :
                                    :
                                    : Thursday, December 22, 2016
UNITED STATES OF AMERICA,    :
                                    :
       Defendant.          :
                                    :
- - - - - - - - - - - - - - - - X

TRANSCRIPT OF CIVIL CAUSE FOR ORAL ARGUMENT
BEFORE THE HONORABLE CAROL B. AMON
UNITED STATES DISTRICT COURT JUDGE

A P P E A R A N C E S:

For the Plaintiff:    DELL & DEAN, PLLC
                        1225 Franklin Avenue  #450
                        Garden City, New York  11530
                      BY: MICHAEL O'MALLEY, ESQ.

For the Defendant:    UNITED STATES DEPARTMENT OF JUSTICE
                        271-A Cadman Plaza East
                        Brooklyn, New York  11201
                      BY: SEAN P. GREENE, ESQ.

Court Reporter:   Richard W. Barry, RPR
                 Official Court Reporter
                 E-mail: rwbarrycourtreporter@gmail.com

Proceedings recorded by computerized stenography.
Transcript produced by Computer-aided Transcription.

- Proceedings -                                                          2

1    COURTROOM DEPUTY:  Reilly against the United States,
2    on for oral argument.
3    THE COURT:  Do the parties want to state their
4    appearances, please.
5    MR. O'MALLEY:  Your Honor, for the plaintiff,
6    Michael O'Malley, Dell & Dean, 1225 Franklin Avenue, Garden
7    City, New York, good afternoon.
8    THE COURT:  Afternoon.
9    MR. GREENE:  For the United States, Sean Greene,
10   Assistant United States Attorney.
11   THE COURT:  You all can be seated.
12   Mr. O'Malley, what happened this morning?
13   MR. O'MALLEY:  Your Honor, I apologize, my calendar
14   clerk literally give me the Central Islip address and I went
15   there.  When I walked in there, presented the papers, they
16   told me I was in the wrong place.  So I called and I
17   appreciate the courtesies of moving this to 2 o'clock.
18   THE COURT:  Well, I -- also, you know, counsel for
19   the defendant had to change his plans around as well.
20   MR. O'MALLEY:  I'm sorry, I have thanked him already
21   and formally counsel, thank you, I appreciate it.
22   THE COURT:  I understand what the Government's
23   argument for summary judgment is.  It is not summary judgment,
24   12(b)(1) to dismiss for lack of subject matter jurisdiction.
25   It is compelling, counsel.  Why shouldn't I grant

RW Barry    OCR

- Proceedings -                                                      3

1  this motion?
2          MR. O'MALLEY:  Respectfully Your Honor, while it is
3  compelling, there are lots of points in there, there are two
4  aspects of this that remain an issue.
5          One is, the overall use, and I'm not going to
6  dispute the Gateway National Park area is not suitable for
7  bicycle riding, I can see the point.
8          However, including when discussing previous rulings
9  that they cite in their briefs, the area that was talked about
10 in other cases, was described as a flat level road.  It was
11 relied on that, the pictures and materials provided with our
12 papers--
13         THE COURT:  When you talk about other cases, the
14 other cases that have said that this park falls within the
15 exception.
16         MR. O'MALLEY:  That's correct, Your Honor.
17         THE COURT:  If it falls within the exception, why
18 would they be talking about what the road was like.
19         MR. O'MALLEY:  This is my point.  But they do, they
20 discuss it being a flat level road.  Flatten road is the
21 terminology that is used, even though it is supposed to be,
22 based on the analysis be a general exception.
23         And the difference in this case, is while it is not
24 a hill as provided, the roadway itself, is in fact a cut and
25 seam with an offset along the side.  It is not a naturally

1  occurring condition, nor is it a condition that is one that is
2  avoidable.
3      The previous instances where they did get into
4  case-by-case or specific analysis, had gravel strewn on a
5  road.  This is a condition of the roadway itself.
6      More importantly, and I believe you received my
7  correspondence last night, there is an aspect of this case
8  that was not-- at least in my opinion, properly pled or pled
9  at all.
10     The duty to warn, which is completely separate of
11 course as an exception under the act and the condition in and
12 of itself being present, I will concede the Government has no
13 obligation to fix or maintain under the law.
14     However, based on its appearance, and how long it
15 had to have been there on the materials provided, I would
16 submit to this Court that they do have a duty to at least warn
17 people using the roadway of that.
18     It is not properly briefed--
19     THE COURT:  You mean talking as exception.
20     MR. O'MALLEY:  As exception.
21     THE COURT:  The exception is for willful and
22 malicious failure to guard or warn against a dangerous
23 condition, use, structure or activity.
24     MR. O'MALLEY:  That's correct.
25     The dangerous condition is the condition of the

- Proceedings -                                                     5

1  roadway and failure to warn is that argument --
2          THE COURT:  It is not just failure to warn.  There
3  is no allegation of willful and malicious.
4          MR. O'MALLEY:  Doesn't need to be both.  Willful
5  alone is fine.  I would never say the Government did anything
6  like that maliciously.
7          I will say in large part-- not in large part, but in
8  part based on the Rule 26 disclosure from the Government,
9  there are two park police officers, and a park supervisor who
10 are present all the time there.  They may even have
11 information for this case.  These are people in a position to
12 see this --
13         THE COURT:  That is notice.
14         MR. O'MALLEY:  It is, Your Honor.  And to have a
15 condition like that, and not disclose it, and not warn of it
16 is part of the reason that is an exception.
17         I agree it would go to notice eventually.  First you
18 have to have notice in order to not warn willfully.  That is
19 exactly the point that I'm making.
20         That based on the nature of that condition and the
21 very least the question of fact presented by the length of
22 time it existed by the materials submitted, discovery on the
23 issue is necessary at least.  Although I do not know it is
24 properly claim and pled.  I would defer to the Court and
25 counsel if you are so inclined to amend this, to include that

- Proceedings -                                                                 6

1    claim.
2           Otherwise we will file a separate notice which I
3    believe is necessary.
4           But either way, it is that condition which leads to
5    at the very least, the right to conduct discovery, find out
6    how long it is there, prior injuries on it.  We know from the
7    cases there are other injuries on this roadway, and all those,
8    while they do constitute notice --
9           THE COURT:  The other one where somebody who went
10   over the speed bump.
11          MR. O'MALLEY:  That is correct, that is somebody who
12   tried to avoid the same speed bump.
13          THE COURT:  You are riding your bicycle in a careful
14   fashion, you should not have to worry about that.
15          MR. O'MALLEY:  That may well be, the issue is the
16   condition there, a dangerous one that we should have been
17   warned, even a sign should have been posted of.
18          Again, it is not properly briefed.  One of the cases
19   I do know from past experience, as silly as it sounds, is a
20   case from the DC Circuit, the Hughes case, where it was a
21   fence that was closed by the Smithsonian to the zoo on a path
22   used by bicycles everyday, it is closed on Christmas day.
23   They close the gate on Christmas day.  The bicycle rider rode
24   into the closed gate and the lawsuit came about from that
25   there should be a warning that the gate is closed up ahead.

- Proceedings -                                                        7

1   And while the rest of this was found to be sovereign immunity,
2   that failure to warn with regard to that gate was allowed to
3   continue.  That is one I was involved with.
4              THE COURT:  Under this-- if it was in DC, that would
5   not be under --
6              MR. O'MALLEY:  It wasn't under the statute.  It was
7   under the same immunity claim, Judge.  They closed a gate.
8   This is not a gate which-- as far fetched as I think that
9   particular case is, this is a dangerous condition on a
10  roadway, which I don't think an issue is whether there is
11  notice.  The issue is, was any warning not put up that should
12  have been.
13             At the very least, Judge, I would ask discovery be
14  allowed to continue on that issue, if it is found to be part
15  of this.  Even if the motion is put over to that end.
16             I do believe there is a colorable claim as to that
17  specific item.  I am prepared to concede that otherwise, the
18  papers are very compelling and that was the purpose of
19  explaining to the Court last night in a brief letter what I
20  saw and what my hopes were.
21             THE COURT:  Do you want to be heard on it, counsel?
22             MR. GREENE:  Thank you, Your Honor.
23             So, just in order of the arguments raised.
24             First, as briefed in the Government's papers, the
25  Court looks to the property as a whole.  The GNRA as a whole

1   in determining whether the property was conducive for the
2   purpose it was being used, and to whether it fell within the
3   gambit of the protection of the RUS.  That was the holding in
4   Chanod, holding in Rubin.  Judge Gleason took pains to
5   describe that, that analysis.
6          So, given that plaintiff has conceded that, property
7   was conducive to use, and the Courts of this District have
8   found that, it is the properties as a whole, not anyone
9   specific road or condition at issue, the Government's position
10  is that it is entitled to dismissal.
11         Next as to the issue of duty to warn, as I
12  understand it, and my only understanding is based upon
13  counsel's submission last night, plus what he has argued
14  today, is essentially that he is arguing a general negligence
15  cause of action.
16         So, the duty to warn is essentially just a
17  rephrasing of what is already in the Complaint, it is not a
18  new claim.
19         THE COURT:  I think he is arguing it is an exception
20  to the RUS, which is that exception.
21         MR. GREENE:  Right.
22         THE COURT:  If he were just arguing, duty to warn,
23  you are correct.  I think he is attempting to argue the
24  exception for willful or malicious failure to warn.
25         MR. GREENE:  Well, to the extent he is arguing that,

1  Your Honor, the statute is explicit.  And the statute has
2  only -- two exceptions, willful and malicious conduct, that is
3  required for one of those two exceptions, is not a negligence
4  type requirement.  What is required to be shown is that the
5  Government was-- did an intentional act of extraordinary
6  character in order to trigger that exception.
7          There is no evidence adduced and no-- nothing argued
8  that could sustain and plaintiff, if I heard him correctly,
9  has conceded the point that he would not argue that the
10 Government did something intentionally in order to bring about
11 some harm.
12         Without that intentional element, you don't get to
13 willful and malicious.  The statute is clear on that, I
14 believe that is-- that issue has been briefed in the opening
15 brief as well.
16         THE COURT:  I take it what your intention would have
17 been from your letter, counsel, to move to amend the Complaint
18 to add this new claim?
19         MR. O'MALLEY:  I would do whatever is in the
20 interest of--
21         THE COURT:  No, I'm trying to--
22         MR. O'MALLEY:  I don't know that that is a
23 feasible-- being very candid, without trying to throw any
24 other attorneys under a bus.  I don't know amending to add the
25 clause would be appropriate because I would not have exhausted

- Proceedings -                                                   10

1  all the administrative remedies by putting in a notice of
2  that.
3           I am willing to seek to amend the Complaint to
4  include that claim, should the Court and counsel be okay with
5  that.  I would be jumping the step of following a filing.
6           THE COURT:  What were you going to do?
7           MR. O'MALLEY:  We were going to file a new-- I
8  forgot the form number.
9           MR. GREENE:  SF 95.
10          MR. O'MALLEY:  We were going to file the new 95 to
11 add that claim on that, and then let the Government have it,
12 even though we know what the course would be, then we followed
13 all the steeps.
14          THE COURT:  Assuming you do that, this complaint
15 would be dismissed and then you have to bring another
16 complaint to add that.
17          MR. O'MALLEY:  I understand that, Your Honor.  I am
18 not looking to shortcut.  I would be willing to do what-- of
19 course, I will do whatever the Court would like.
20          THE COURT:  I have to tell you, then I think that
21 means, based on what you have said, the only thing before me
22 is the complaint that is pled.
23          But just in terms of saving time and money, were you
24 to go through this process and file that claim, I still think
25 that you would not be able to show, you would not be able to

- Proceedings -  11

1  meet that standard.  I am just telling you that.
2       I suppose that is at best an advisory opinion, but
3  you know that is not to say, you can't do what you think you
4  have to do.  But, the showing is, that the Government engaged
5  quote, in intentional acts of unreasonable character performed
6  in disregard of a known or obvious risk so great, as to make
7  it highly probable that harm will result.
8       That is the standard you have to meet.
9       MR. O'MALLEY:  Yes, Your Honor, I'm aware.  If I
10 maybe heard as to that briefly and to counsel's argument.
11      I did not concede or say I would not say the
12 Government did not intentionally hold back from putting up a
13 warning.  I would never say they acted maliciously.  I am not
14 arguing that.
15      THE COURT:  In any event, you are not asking this
16 Court to do anything with regard to that because you just
17 said, you are filing-- you have to file your notice of claim.
18 So you are not asking the Court to take any action, the claim
19 is, as it is.
20      The Complaint as it is now in this Court's view has
21 to be dismissed.
22      MR. O'MALLEY:  If I may, what I was hoping the Court
23 would consider, is allowing us before ruling on the motion,
24 because I do believe that even-- once the claim is put in,
25 this is not one that I believe will be appropriate for

RW Barry    OCR

1  dismissal on the pleadings, because of the issue as to who
2  knew what when, what did they do, did they not disclose it,
3  that would have to go through discovery process.
4      I am happy to start that anew, if the Court does
5  what I expect it to do this afternoon or I'm happy if
6  everybody agrees, to amend the Complaint to include that
7  clause and conduct discovery on that issue, and then have this
8  motion still out there.
9      THE COURT: I don't know what you want to do.
10     If you are making a motion to amend the Complaint or
11 I guess you could amend the Complaint as a matter of right,
12 because the Government hasn't answered, correct?
13     MR. GREENE: As a matter of right, Judge, before an
14 answer is put in, they could seek leave to amend. Unless the
15 amendment would be futile, that is the Government's argument.
16 That they still could not meet the standard of willful and
17 malicious. We object to on the basis of futility.
18     THE COURT: What-- are you also objecting on the
19 basis of the notice of claim?
20     MR. GREENE: So that is a separate issue. We would
21 object, yes. It is entirely inappropriate for the Court in
22 this instance or any other to in effect stay a case while a
23 notice of claim or SF 95 is submitted and adjudicated through
24 the agency.
25     The case law is uniformly consistent, the case that

- Proceedings -  13

1  has not been properly exhausted is premature and must be
2  dismissed.
3      MR. O'MALLEY:  Judge, that being the case, if the
4  Court is amenable, I would withdraw without prejudice the
5  entire case at this moment, and re-file everything to be heard
6  in one shot, so we are not redoing this again.
7      This would eliminate a ruling now and then coming
8  back on the other issue, it would all be in there and we can
9  go forward.
10      The paperwork will be filed, I believe the last one
11  was the claim was rejected in a matter of five days.  I will
12  do this on whatever expedited basis as necessary based on the
13  case before this.
14      But, with the Court's leave, if you are willing, I
15  would withdraw the case without prejudice, discontinue at this
16  moment on the record, and re-file the entire action.
17      MR. GREENE:  The Government obviously has a strong
18  preference for this case to be dismissed with prejudice on the
19  pleadings.  We believe that no matter how the case is
20  reformulated or repackaged or re-pled, that it would not
21  change anything substantively about the case.  It is
22  undisputed what happened, that the RUS applies, except for
23  this question, perhaps of an exception, which the Government I
24  believe has fully demonstrated does not apply.
25      So the Government's position would be that it would

- Proceedings -  14

1  object to any disposition that wasn't-- with prejudice.
2  　　　　　THE COURT:  I don't understand-- so the record is
3  clear, I don't understand that counsel is seeking to amend the
4  Complaint.  I think counsel is asking or not-- asking now for
5  a stay to permit them to exhaust this new claim and then add
6  it to this complaint.
7  　　　　　Am I correct?  Have I articulated what you want?
8  　　　　　MR. O'MALLEY:  Judge, frankly based on my last
9  comments, I withdraw these actions and just proceed under the
10 new one that we will be starting.  I would not even be seeking
11 to stay this one, I'm looking to take it off the Court docket.
12 　　　　　THE COURT:  The problem is, the Government already
13 briefed this.  I think the Government is entitled to a
14 decision.
15 　　　　　MR. O'MALLEY:  Judge, if you would like, I am happy
16 to withdraw this with the understanding, I won't bring these
17 particular claims back, that would be fine.
18 　　　　　I'm not in a position to argue that the Government
19 is wrong in its papers without the exception that I'm seeking.
20 So I'm not sitting here asking anybody to do extra work.  Or
21 frankly for my firm to incur expenses and time incurred in
22 starting a whole new action and bringing it through.  I will
23 if the Court feels it needs to rule on this, of course that is
24 fine.  We will still bring the other objection.
25 　　　　　My concern then, we wind up in a different courtroom

- Proceedings -                                                15

1  with a different Judge under the same case.  We still have to
2  do the discovery under that claim in order to determine
3  whether--
4            THE COURT:  If you bring another case, the case
5  should be related to this case.  It shouldn't be another
6  Judge.
7            MR. O'MALLEY:  Even if this is dismissed on summary
8  judgment?
9            THE COURT:  Yes.  I mean if you bring another case
10 related to the same facts.
11           MR. O'MALLEY:  I agree, Judge, I would certainly
12 file it as related.  I also would not want to be any prejudice
13 on my end because of the proceeding today, bringing that
14 action would be improper.
15           THE COURT:  I am basically telling you now, that I
16 don't think that an action just to allege-- I don't know what
17 you would allege, but it has to be plausibly alleged that this
18 is an exception.  That it is willful and malicious conduct.  I
19 don't know how you are going to be able to plausibly allege
20 that.
21           But if you were of the view that is not before the
22 Court now, you are not claiming in the Complaint here that an
23 exception existed, then the Complaint as pled, I would dismiss
24 with prejudice because there is no jurisdiction.
25           If you have not pled that other claim, if you

- Proceedings -                                                  16

1   exhaust that claim, about this-- there being an exception
2   here.  I don't know that-- I'm not even sure I have thought
3   about it whether failure to warn is even a separate claim.  It
4   is part of an exception here, not a separate claim.
5               MR. GREENE:  Certainly the Government's position is
6   that it is not.  It would be encapsulated in a claim under the
7   Federal Tort Claims Act.  There is no waiver of sovereign
8   immunity under these circumstances for any claim other than
9   brought under the FTCA.
10              I don't know how the plaintiff can plead a new case
11  let alone what kind of waiver he would allege applies.
12              MR. O'MALLEY:  Judge, I respectfully disagree.
13  There are cases that have said where the other underlying tort
14  claims have been dismissed, failure to warn claim has been
15  allowed to proceed.  Again that is not properly briefed.
16              At the very least, Judge, you could wrap up all of
17  this, if you give us time to serve supplemental papers
18  including that issue.  If the Court finds that we can't meet
19  the standard, we won't reply and counsel would of course have
20  time to brief that as well and maybe avoid redoing this whole
21  thing.
22              MR. GREENE:  As the Court suggested, if the argument
23  is that this claim has not been presented, pled, or argued
24  until this moment, and is not covered under the current
25  complaint, then there should be no objection to dismissing the

- Proceedings -                                              17

1   Complaint with prejudice.  The claims that are contained in
2   the Complaint.
3              Certainly if you wanted to pursue some
4   administrative claim, that doesn't sound in the same claims as
5   presented in this complaint, that would be your right.
6              But, this complaint as it stands has essentially
7   only one cause of action, which is under the FTCA.
8              THE COURT:  Well, I am going-- I am not going to
9   speak to what you do in the future.  I will dismiss the
10  current claim with prejudice.  And if you think that there is
11  something else that you can bring after submitting a claim,
12  then you can take whatever action you think is appropriate to
13  take. It is just, there shouldn't be another Judge having to
14  deal with this.  You should relate it.
15             But, I will dismiss the current complaint with
16  prejudice.
17             MR. O'MALLEY:  Thank you, Your Honor.
18             Again, I appreciate the Court and counsel's
19  courtesies with this morning, I apologize.
20             THE COURT:  Okay.
21             - - o o O o o - -
22  I CERTIFY that the foregoing
    is a correct transcript from
23  the record of proceedings
    in the above entitled matter.
24
    s/Richard W. Barry
25  _____
    Richard W. Barry, RPR

RW Barry     OCR